LÓPEZ, DEMANDANTE Y APELANTE, *v.* SUC. DE GENARO
CANDELARIO, DEMANDADA Y APELADA.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre división de bienes comunes y reclamación de frutos.

No. 1972.—Resuelto en julio 22, 1919.

SOCIEDAD DE GANANCIALES—LIQUIDACIÓN Y DIVISIÓN DE GANANCIALES—RENUNCIA DEL DERECHO A LOS GANANCIALES—INTERPRETACIÓN DE CONTRATO—CONTRATO.—En el presente caso, después de divorciados G. C. y J. O., otorgaron escritura pública en la que expusieron que, los bienes de la extinguida sociedad conyugal consistían solamente en un crédito hipotecario de $1,600, el cual se adjudicaron de por mitad.  La cláusula cuarta de dicha escritura dice así: "Cuarto: En consecuencia se dan por satisfechos por ser lo único que poseían renunciando cada uno de por sí al derecho que pueda o pudiera tener sobre cualquier clase de bienes pertenecientes al otro, pues desde ahora y para siempre se da cada uno por bien recibido de la parte que le correspondía por razón de gananciales.  Así lo otorgan bajo la más formal promesa de cumplir estrictamente su contenido, en la advertencia de que la expresada renunciá la hacen bajo términos absolutos." *Se resolvió:* que según los términos de la cláusula transcrita, J. O. no hizo renuncia de sus derechos a otros bienes que pertenecieran a la sociedad conyugal de que formó parte y por tanto a los que son objeto del pleito, pues si dividieron de por mitad solamente el crédito hipotecario, fué bajo la base de que era el único bien perteneciente a la sociedad conyugal; y como consideraron que no habían otros bienes gananciales, la renuncia contenida en la cláusula cuarta no puede referirse a bienes que no podían tener en

su mente al hacerla como lo demuestra la manifestación que·hacen de darse por satisfechos con la división del crédito hipotecario ''por ser lo único que poseían.''

División de la Comunidad—Alegaciones Necesarias—Indivisibilidad de los Bienes Cuya Venta se Pide.—Cuando ejercitándose la acción de división de la comunidad se pide la venta de los bienes y la liquidación y división del precio es preciso alegar y probar: que los condueños no están acordes en que se adjudique a uno de ellos la propiedad comunal indemnizando a los restantes, y que los bienes son esencialmente indivisibles, requisitos que exige el artículo 411 del Código Civil Revisado.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Benet & Suffront.*

Abogado de la apelada: *Sr. Angel A. Vázquez.*

El Juez Asociado Sr. Aldrey emitió la opinión del tribunal.

El apelante y demandante, como cesionario de los derechos y acciones que Juana Olán tenga o pueda tener por razón de su matrimonio con Genaro Candelario, que fué disuelto por sentencia de divorcio, alegando que Genaro Candelario compró dos fincas rústicas durante el matrimonio con dinero de la sociedad conyugal, que no desea continuar en la comunidad de bienes con la sucesión de Candelario, que ha fallecido, y que dichas fincas son esencialmente indivisibles, demandó a dicha sucesión y a la administradora judicial de los bienes relictos por Candelario pidiendo a la corte que ordenase la venta en pública subasta de esas fincas y que se practique la liquidación y división de su producto entre el demandante y la expresada sucesión condenando a ésta a pagarle cierta cantidad de dinero por su parte proporcional en los productos de las fincas desde la muerte de Candelario.

Admitieron los demandados en su contestación que las fincas fueron compradas por Candelario durante su matrimonio con Juana Olán con dinero de la sociedad de gananciales pero alegaron que por escritura pública en la que los esposos hicieron después de divorciados la liquidación de la sociedad conyugal y la distribución de cierto bien común, re-

nunció Juana Olán su derecho a los gananciales en cuales-
quiera otros bienes que hubiera.

Después de divorciados Genaro Candelario y Juana Olán
comparecieron ante notario y otorgaron escritura en la que
exponiendo que los bienes de la sociedad conyugal que tu-
vieron consistían solamente de un crédito hipotecario por
2,000 pesos provinciales, o sea, 1,200 dólares, que había sido
satisfecho, lo dividen por mitad, o sea seiscientos dólares
para cada uno, después de lo cual se dice lo siguiente:

"*Cuarto*. En consecuencia se dan por satisfechos por ser lo único
que poseían renunciando cada uno de por sí al derecho que pueda o
pudiera tener sobre cualquier clase de bienes pertenecientes al otro,
pues desde ahora y para siempre se da cada uno por bien recibido
de la parte que le correspondía por razón de gananciales. Así lo
otorgan bajo la más formal promesa de cumplir estrictamente su
contenido, en la advertencia de que la expresada renuncia la hacen
bajo términos absolutos."

Sostiene el apelante que al declarar la corte inferior sin
lugar su demanda cometió error al considerar dicha escri-
tura como una renuncia de Juana Olán a favor de Genaro
Candelario de los derechos y acciones que tenía sobre todo
los bienes pertenecientes a la sociedad de gananciales, y al
declarar que constituye una renuncia sobre los bienes objeto
del pleito. Como dicen los apelados en su alegato, ambas
cuestiones se reducen a una sola, la de si la escritura com-
prende o no la renuncia de todos los bienes gananciales ha-
bidos durante el matrimonio.

Teniendo en cuenta los hechos expuestos en esa escritura
y la cláusula de ella que hemos copiado llegamos a la con-
clusión de que Juana Olán no hizo renuncia de sus derechos
a los bienes que pertenecieran a la sociedad conyugal de
que formó parte, y, por tanto, a los que son objeto del pleito,
pues una detenida consideración de ella convence de que si
dividieron de por mitad solamente el crédito hipotecario fué
bajo la base de que era el único bien perteneciente a la so-
ciedad conyugal, y como consideraron que no había otros

bienes gananciales la renuncia contenida en la cláusula cuarta no puede referirse a bienes que no podían tener en su mente al hacerla como lo demuestra la manifestación que hacen de darse por satisfechos con la división del crédito hipotecario "por ser lo único que poseían". Si hubiera querido renunciar a cualquier otro bien ganancial independiente del crédito hipotecario que dividieron claramente lo hubiera consignado en la renuncia. Además, la renuncia contenida en la cláusula cuarta copiada se refiere "al derecho que pueda o pudiera tener sobre cualquier clase de bienes pertenecientes al otro" (cónyuge) o sea sobre bienes que pertenezcan al que fué su esposo, diferentes, por tanto, de los que son de la sociedad conyugal.

A pesar de la conclusión a que acabamos de llegar tendremos que confirmar la sentencia porque pidiendo el demandante que se ordene la venta de las fincas y que se liquide y divida el precio que se obtenga, no alegó ni probó que los condueños no convienen en que se adjudique a uno de ellos indemnizando a los demás y porque no probó tampoco, aunque lo alegó y fué negado por los demandados, que dichas fincas sean esencialmente indivisibles, requisitos que exige el artículo 411 del Código Civil Revisado para que pueda pedirse la venta de la cosa común y el reparto de su precio, ya que por regla general las fincas rústicas son susceptibles de división material.

Solicitó el demandante en su segunda causa de acción que los herederos de Genaro Candelario le paguen la mitad de los frutos que las fincas produjeron desde agosto de 1904 en que fué disuelta la sociedad conyugal hasta que falleció y cuyo importe fijaron en $663.

La única prueba de esta causa de acción consistió en la declaración del demandante pero como se refiere a productos englobados de la finca desde agosto de 1904, fecha del divorcio, hasta el día del juicio, 28 de agosto de 1918, y como en la demanda sólo se reclaman los frutos hasta la muerte

de Genaro Candelario, sin que sepamos tampoco cuándo ocurrió, no puede, con esa prueba, determinarse la cantidad de frutos reclamados en la demanda.

Por los motivos antes expresados la sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández, y Asociados Wolf, del Toro y Hutchison.